UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DAWSON,<br><br>    Petitioner,<br><br> v.<br><br>PARR, Acting Warden,<br><br>    Respondent. | No. 1:19-cv-00356-JLT (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

  On March 18, 2019, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) According to the petition and attached documents, Petitioner was convicted by jury trial on October 29, 1982, of the offenses of continuing criminal enterprise, obstruction of justice, and violating civil rights, for which he is currently serving a 65-year sentence. (Doc. 1 at 7.) He does not challenge the legality of his conviction or sentence. Rather, he complains that the warden's decision to deny him "Meritorious Good Time" (MGT) credits for work performance was arbitrary and capricious. For reasons discussed below, the Court recommends that the petition be **SUMMARILY DISMISSED**.

**A. Preliminary Review of Petition**

  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court. . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

**B.      Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

Petitioner alleges that the warden at Federal Correctional Institution, Mendota (FCI-Mendota), has arbitrarily and capriciously denied his request for MGT. Petitioner is challenging the execution of his sentence rather than its imposition; therefore, the claims are proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at FCI-Mendota, and that institution lies within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed.

**C.      Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq. Petitioner indicates that he has filed administrative appeals at all levels. Thus, it appears his claims have been administratively exhausted.

**D.     Meritorious Good Time Credits**

The United States Supreme Court has held that inmates have no inherent constitutional right to good time credit. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). However, a liberty interest protected by the Fifth Amendment's due process clause may be created through the enactment of certain statutory or regulatory measures. Hewitt v. Helms, 459 U.S. 460, 469 (1983). When statutes and regulations utilize "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed," a protected liberty interest may be created. Id. at 471.

Title 18 U.S.C. § 4162 allows a prison to award good-time credits to reduce a prisoner's sentence for meritorious performance of his job. Section 4162 was repealed but is applicable to prisoners like Petitioner who committed their offenses before November 1, 1987. In relevant part, Section 4162 provides:

3

> *In the discretion of the Attorney General* such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations."

18 U.S.C. § 4162 (emphasis added). The mandatory language found by the Supreme Court in Hewitt to require constitutional safeguards is clearly lacking here. No criteria are provided for the exercise of that discretion. Further, the implementing regulation, 28 C.F.R. 523.11, requires a staff recommendation as a precondition, and the regulation also provides no criteria for such recommendation. Thus, the requirements for showing a deprivation of a liberty interest are not met.

Nevertheless, Petitioner argues that the warden acted arbitrarily and capriciously in denying his request for MGT. He notes that he was granted MGT for his work performance at prior institutions, and he has submitted exhibits showing the many positive actions he has done and favorable reviews he has received. He contends that the warden did not properly consider the work he performed to be "exceptionally meritorious service" or "of outstanding importance," 18 U.S.C. § 4162, but instead described his work as "simply housekeeping." (Doc. 1 at 9.)

There is little caselaw on this issue. Petitioner cites cases, but they offer no guidance. He cites Cohen v. United States, 252 F.Supp. 679 (1963), but Cohen is a Federal Tort Claims Act suit for injuries and has no application here. He cites to Zetdman v. Elsea without citation, and the Court cannot locate such case. Last, he cites to Lamagna v. United States, 646 F.2d 775 (1981) for the statement, "A prisoner accumulates extra good time by working, for example, in the prison laundry while he is incarcerated." The statement and the case itself also provide no support for Petitioner's contention that the warden violated his constitutional rights by denying him MGT credits.

Although caselaw is limited, the Seventh Circuit addressed this specific issue in Waletski v. Keohane, 13 F.3d 1079 (7th Cir. 1994). In Waletski, as in this case, a federal prisoner petitioned for habeas relief to challenge the denial of good-time credits for work performance. Id. The appellate court found that the claim was within habeas corpus jurisdiction of the federal court; however, the court concluded that there was no violation of an enforceable right. Id. at 1082. In reaching this conclusion, the Seventh Circuit noted that the statute was "avowedly

4

discretionary, and, for fairly obvious reasons given the nature of the evaluation to be made, sets forth no guidelines to channel that discretion." Id. at 1081-1082. The court found that "[i]t would not be feasible in these circumstances for a court to police the exercise of the prison officials' discretion." Id. at 1082. "It is no more feasible for the courts to monitor prison officials' evaluations of work performed by prisoners than it is to monitor the law enforcement decisions of law enforcement authorities, which courts refuse to do." Id. (citing Wayte v. United States, 470 U.S. 598, 608-09 (1985); United States v. Giannattasio, 979 F.2d 98, 100 (7th Cir. 1992). The court noted it could intervene if good-time credits were denied on the bases of race, religion, or some other constitutionally forbidden criterion, but like this case, "[n]othing of that sort [wa]s alleged." Id. The Seventh Circuit concluded that "there is 'no law to apply,' and therefore no basis for judicial invalidation of administrative action." Id. (citations omitted). Ultimately, the appellate court concluded that there was no violation of an enforceable right. Id.

This Court agrees with the Seventh Circuit's reasoning and conclusion in Waletski. There is no mandatory language in the relevant statute and regulation. The award of MGT is entirely discretionary, and therefore it does not create a liberty interest. Furthermore, there are no guidelines for the exercise of that discretion. The Court agrees that there is simply no basis for judicial invalidation of the Warden's determination, and thus Petitioner's challenge to the Warden's discretionary decision is not reviewable by this Court.

**ORDER**

The Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court **RECOMMENDS** that the petition for writ of habeas corpus be **SUMMARILY DISMISSED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document

5

should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**March 21, 2019**__                              _____/s/ Jennifer L. Thurston_____
                                                                                         UNITED STATES MAGISTRATE JUDGE